IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| IN RE THE APPLICATION OF OSMIN MANUEL GUARDADO ORELLANA, </br></br> Plaintiff/Petitioner, </br></br> v. </br></br> FIAMA MAGDALENA VELASQUEZ CARTAGENA, </br></br> Defendant/Respondent. | Civil Action File No. 3:16-cv-00444 |

**VERIFIED COMPLAINT AND PETITION FOR**
**RETURN OF CHILD**

Plaintiff and Petitioner Osmin Manuel Guardado Orellana respectfully shows this Court as follows:

## I.     INTRODUCTION

1.     This action is brought by Osmin Manuel Guardado Orellana ("Petitioner"), a citizen of Honduras, to secure the return of his two-year-old daughter, Nathaly Abigail Guardado Velasquez (the "Child"), who was, without Petitioner's consent or acquiescence, wrongfully removed from Honduras and brought to the Eastern District of Tennessee by the Child's mother, Defendant/Respondent Fiama Magdalena Velasquez Cartagena ("Respondent").

2.     This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[1] and the

---

[1] Oct. 25, 1980, T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10494 (1986).

International Child Abduction Remedies Act ("ICARA").[2] The Hague Convention came into effect in the United States of America on July 1, 1988, and has been ratified between, among other Contracting States, the United States of America and Honduras. A copy of the Hague Convention is attached hereto as **Exhibit A**.

    3.    The objects of the Hague Convention are:

        Article 1(a):    To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

        Article 1(b):    To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.

*Id.*

    4.    The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

## II.    JURISDICTION AND VENUE

    5.    This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

    6.    Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because, upon information and belief, the Child and Respondent are residing at the home of the Respondent's boyfriend in the Northern Division of the Eastern District of Tennessee at 3810 Skyline Drive, Knoxville, Tennessee 37914. A copy of the letter from the United States

---

[2] 22 U.S.C. §§ 9001–9011.

2

Case 3:16-cv-00444-CCS   Document 1   Filed 07/13/16   Page 2 of 9   PageID #: 2

Department of State indicating the Child and Respondent's suspected residence is attached hereto as **Exhibit B**.

### III.   STATEMENT OF FACTS

7.   As noted above, Petitioner and Respondent are the parents of the Child. Petitioner and Respondent have never been married but lived together in El Progresso, Yoro, Honduras prior to Respondent's wrongful removal of the Child on September 11, 2015.

8.   On November 14, 2013, Ms. Cartagena gave birth to Nathaly Abigail Guardado Velasquez in El Progreso, Yoro, Honduras. A copy of the Child's birth certificate and a translation thereof are attached hereto as **Exhibit C**.

9.   Until the date of the separation between Petitioner and Respondent, as detailed below, Petitioner, Respondent and Child lived together at their familial residence at Colonia Lorenzo Zelaya, Aldea Las 40 El Progresso, Yoro, Honduras. A copy of the Affidavit of Osmin Manuel Guardado Orellana in support of this Verified Complaint is attached hereto as **Exhibit D**. In total, Petitioner and Respondent lived together in Honduras for three years. Exhibit D, ¶ 5.

10.   From birth until removal, the Child lived with Petitioner and Respondent at Petitioner's residence in El Progresso, Yoro, and the Child was provided for financially by the Petitioner until the Child was removed by Respondent from Honduras. Id. at ¶ 7.

11.   While living in Honduras, the Child received medical attention and vaccinations, attended church with her parents and even attended Minnie Mouse themed parties. A copy of the Child's vaccinations and clinical background and a translation thereof are attached hereto as **Exhibit E**. A copy of a letter from Petitioner's pastor regarding Petitioner's treatment of Respondent and the Child and a translation thereof is attached hereto as **Exhibit F**. Copies of pictures of the Child with Petitioner and Respondent are attached hereto as **Exhibit G**.

12. On September 11, 2015, Respondent's sister contacted Petitioner in the afternoon and informed him that Ms. Cartagena had moved to the United States with Nathaly Abigail Guardado Velasquez. Exhibit D, ¶ 8.

13. On September 12, 2015, Petitioner filed a complaint with the National Directorate of Criminal Investigation reporting the abduction of the Child. A copy of the complaint filed with the National Directorate of Criminal Investigation and a translation thereof is attached hereto as **Exhibit H**.

14. Shortly thereafter, Respondent contacted Petitioner from her cell phone and notified Petitioner that she had left for the United States of America with the Child to help provide financial assistance and support to her parents. Exhibit D, ¶ 9. During several phone conversations between Petitioner and Respondent, Petitioner requested and pleaded with Respondent to return the Child to Honduras. Id. at ¶ 10.

15. Respondent abducted the Child from Honduras without Petitioner's permission. Id. at ¶ 11.

16. On August 3, 2015, Petitioner contacted the commissioner of the International Police (INTERPOL) to report the Child's abduction and to have an immigration alert issued for the Respondent and the Child. A copy of the report to INTERPOL and a translation thereof is attached hereto as **Exhibit I**.

17. Upon information and belief, the Child is currently being kept in the company of Respondent and Respondent's boyfriend, at 3810 Skyline Drive, Knoxville, Tennessee 37914. Exhibit D, ¶ 12; *see* Exhibit B.

18.     On November 17, 2015, Petitioner was issued a criminal background report stating that Petitioner has no criminal history. A copy of the criminal background report and a translation thereof is attached hereto as **Exhibit J**.

19.     On January 12, 2015, Petitioner's Request for Return of the Child was submitted to the United States Department of State through the Government of Honduras. A copy of the Petitioner's Request for Return and a translation thereof are attached hereto as **Exhibit K**.

## IV. WRONGFUL REMOVAL AND RETENTION OF CHILD BY RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

20.     As set forth above, on September 11, 2015, Respondent wrongfully removed the Child within the meaning of Article 3 of the Convention and continues to wrongfully retain the Child in the State of Tennessee, United States, in violation of Article 3 and despite Petitioner's requests for Respondent to return the Child to Honduras.

21.     Petitioner has never acquiesced or consented to the removal of the Child from Honduras to the United States or to the Child living outside of Honduras.

22.     Respondent's removal and retention of the Child is wrongful within the meaning of Article 3 of the Convention because:

    (a)     It is in violation of Petitioner's rights of custody as established by Honduras law. Copies of Articles 109, 185, 186, 187, 194 of the Honduras Family Code and a translation thereof are attached hereto as **Exhibit L**. Specifically, Respondent's removal and retention of the Child is in violation of Petitioner's right as a physical custodian to determine the Child's place of residence. See Hague Convention, Art. 5(a) (defining "rights of custody" under Article 3 to include "in particular, the right to determine the child's place of residence");

  (b)  At the time of the Child's removal from Honduras, Petitioner was actually exercising his rights of custody within the meaning of Articles 3 and 5 of the Hague Convention and, but for Respondent's removal and retention of the Child, Petitioner would have continued to exercise those rights; and

  (c)  The Child was habitually a resident with Petitioner in Honduras within the meaning of Article 3 of the Convention immediately before her removal and retention by Respondent.

23. Respondent is presently wrongfully retaining the Child in the State of Tennessee, County of Knox.

24. Upon information and belief, Respondent is keeping the Child at the residence of Respondent's boyfriend, at 3810 Skyline Drive, Knoxville, Tennessee 37914.

25. The Child is now two years old. The Hague Convention applies to children under sixteen (16) years of age and thus applies to the Child.

26. This Petition is filed less than one year from Respondent's wrongful removal of the Child. Petitioner has never consented or acquiesced to Respondent's wrongful removal or retention of the Child.

## V. PROVISIONAL REMEDIES
## (22 U.S.C. § 9004 & HAGUE CONVENTION, ARTICLE 16)

27. Petitioner requests that this Court issue an immediate order restraining Respondent from removing the Child from the jurisdiction of this Court and requiring Respondent to post a cash bond, in an amount to be determined by the Court, to ensure the Child's presence in this jurisdiction. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

## VI. ATTORNEY FEES AND COSTS

**(22 U.S.C. § 9007)**

28. To date, Petitioner has incurred attorneys' fees and costs as a result of the wrongful retention of the Child by Respondent.

29. Petitioner respectfully requests that this Court award him all costs and fees, including transportation costs, incurred as required by 22 U.S.C. § 9007(b)(3).

## VII. NOTICE OF HEARING
**(22 U.S.C. § 9003(c))**

30. Pursuant to 22 U.S.C. § 9003(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in the interstate child custody proceedings.

## VIII. RELIEF REQUESTED

WHEREFORE, Petitioner Osmin Manuel Guardado Orellana prays for the following relief:

(a) An immediate temporary restraining order prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing on the merits of this Verified Complaint, requiring that the Respondent post a cash bond in an amount to be determined by the Court to ensure the Child remains in the Court's jurisdiction, and further providing that no person acting in concert or participating with Respondent shall take any action to remove the Child from the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

(b) The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that Respondent show cause at this hearing why the Child should not be returned to Honduras, and why such other relief requested in the Verified Complaint should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an order

7

that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

(c) A final judgment in Petitioner's favor establishing that the Child shall be returned to Honduras, where an appropriate custody determination can be made by a court in Honduras under Honduras law;

(d) An Order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs, under 22 U.S.C. § 9007, such expenses and costs to be resolved via post-judgment motion, consistent with the procedure outlined under Local Rule 54.2 of this Court; and

(e) For any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted, this 13th day of July, 2016.

**HUSCH BLACKWELL, L.L.P.**

By: */s/ Jennifer Ziegenhorn*
Jennifer Ziegenhorn, BPR No. 016351
Jennifer.ziegenhorn@huschblackwell.com

1661 International Drive, Suite 300
Memphis, Tennessee 38120
(901) 523-1123
(901) 523-7472 *facsimile*

**ATTORNEYS FOR PETITIONER**

## VERIFICATION

I am one of the attorneys for Plaintiff/Petitioner, Osmin Manuel Guardado Orellana. I make this verification on behalf of Petitioner because Petitioner is absent from this country. The above document is true based on the above-identified attorneys' investigation to date and communications between Husch Blackwell LLP and Mr. Orellana, except as to the matters that are stated in it on information and belief and as to those matters I believe it to be true. I declare under penalty of perjury under the laws of the State of Tennessee that the foregoing is true and correct.

This the 13th day of July, 2016.

*/s/ Jennifer Ziegenhorn*
Jennifer Ziegenhorn