# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### NORTHERN DIVISION

| | |
|---|---|
| IN RE THE APPLICATION OF OSMIN MANUEL GUARDADO ORELLANA,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>FIAMA MAGDALENA VELASQUEZ CARTAGENA,<br><br>Defendant/Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action File No. 3:16-CV-00444 |

## AFFIDAVIT OF JENNIFER ZIEGENHORN IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

I, Jennifer Ziegenhorn, being duly sworn, state as follows:

1.    I am an adult over the age of twenty-one (21) years.  I am an attorney duly admitted to practice law in the States of Tennessee and Arkansas and am admitted to practice law before this Court.  I am an attorney for the law firm of Husch Blackwell LLP and am counsel for Petitioner Osmin Manuel Guardado Orellana ("Petitioner").

2.    I make this affidavit in support of the Petitioner's motion for default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against Respondent Fiama Magdalena Velasquez Cartagena ("Respondent") in the above-captioned matter.

3.    In this action for return of Nathaly Abigail Guardado Velasquez to Honduras, the Verified Complaint and Petition for Return of Child was filed on July 13, 2016 ("Verified Complaint").

4.    Service was effectuated against Respondent under Rule 4 of the Federal Rules of Civil Procedure and the applicable provisions of the laws of the State of Tennessee.

1

EXHIBIT A

5.     Respondent, the party against whom judgment is sought, is not an infant or an incompetent person and is not in the military service.  Respondent was properly served on July 21, 2016, with copies of the Summons and Verified Complaint (Docket No. 6).

6.     Respondent's responsive pleading deadline was on or before August 11, 2016. Respondent has not filed or served an answer or motion, or otherwise responded to the Verified Complaint.

7.     Respondent's deadline to answer was never extended by stipulation of the parties or any order of this Court.

8.     To date, Respondent has incurred total costs in the amount of $1,105.74, including, but not limited to, costs of $115.00 for service of process, $400.00 for the filing fee in the course of prosecuting this action, and $573.36 for travel related expenses.


**[Remainder of Page Left Intentionally Blank]**

2

EXHIBIT A

Dated: November 29, 2016

_____
Jennifer Ziegenhorn

Sworn to before me this 29
day of November, 2016

_____
Notary Public

My Commission Expires:
**12-18-2016**

DEBBIE AKERS
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY, TN

3

Case 3:16-cv-00444-DCP    Document 21-2    Filed 12/30/16    Page 3 of 52    PageID #: 353

EXHIBIT A

# HUSCH BLACKWELL

Jennifer G. Ziegenhorn
Office Managing Partner

1661 International Drive, Suite 300
Memphis, TN 38120
Direct: 901.529.3005
Fax: 901.523.7472
jennifer.ziegenhorn@huschblackwell.com

August 25, 2016

**URGENT**

Fiama Magdalena Velasquez Cartagena
219 Michael Street
Knoxville, TN 37914

     Re:    *In re Application of Osmin Manuel Guardado Orellana v. Fiama Magdalena Velasquez Cartagena*; **Case No. 3:16-cv-00444 - Notice of Litigation Hold & Preservation Obligations**

Dear Ms. Cartagena,

    As you are aware, you have been sued by Osmin Manuel Guardado Orellana who alleges that your removal of Nathaly Abigail Guaradado Velasquez (the "child") from Honduras was wrongful and the Hague Convention requires the prompt return of the child to Honduras. Mr. Orellana has served discovery requests herewith in this matter to seek information from you.

    The laws governing you as named party to the above-stated case prohibit the destruction of potentially relevant information including paper documents and electronically stored information.

    **Your possession of information potentially relevant to the above-stated case requires that you take every reasonable step to preserve the information set forth in this notice until the final resolution of this case, as described below. This obligation takes effect _immediately_.**

    This preservation obligation includes, but is not limited to, a requirement that you immediately provide notice of litigation hold to all custodians who may be in possession of potentially relevant information, including yourself, your friends and family, and your service providers, as well as taking any reasonable preservation measures such as the discontinuation of all data destruction, as further described below.

**Form of Documents to Preserve**

Husch Blackwell LLP

**EXHIBIT B**

# HUSCH BLACKWELL

This obligation to preserve records applies to documents of every kind, both in hard copy and electronic format, including: e-mail, voicemail, instant messages, text messages, WhatsApp messages, other social media messages, including Instagram accounts, Facebook accounts and voice messages, letters, memoranda, notes, calendars, and correspondence or communications of any kind, etc. Electronically stored documents may be maintained on shared network files, computer hard drives, DVDs, CD-ROMs, Flash drives, laptops, telephones, and other hand-held devices, etc.

## Time Period of Documents to Preserve

The documents that must be preserved are those described below that were created on or between September 1, 2015 and the present date, or that refer to events that took place in that period. This obligation requires preservation of future-created documents that relate to the events that took place during this period or are in any way related to the subjects of documents to preserve.

## Subjects of Documents to Preserve

You are required to preserve all documents related to the claims and defenses at issue in this lawsuit. At this early stage of the case, it is difficult to foresee exactly what issues will become relevant to the claims and defenses in this case. At the moment, however, all documents should be preserved concerning the child, including the child's health and well-being, your relationship with Osmin Manuel Guardado Orellana, the removal of the child from Honduras, changing the child's name, any reason(s) you chose to travel to the United States, and any other document requested in the Request for Production included herewith.

In addition, you are required to preserve all documents in the possession of a custodian pertaining to the aforementioned categories, including but not limited to, Mr. Carlos Garay.

If you are uncertain as to whether to retain a document, please err on the side of preservation.

Sincerely,

Jennifer G. Ziegenhorn
Office Managing Partner

2

Husch Blackwell LLP

EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE THE APPLICATION OF OSMIN MANUEL GUARDADO ORELLANA, | ) ) ) ) | |
| Plaintiff/Petitioner, | ) ) | |
| v. | ) ) | Civil Action File No. 3:16-cv-00444 |
| FIAMA MAGDALENA VELASQUEZ CARTAGENA, | ) ) ) | |
| Defendant/Respondent. | ) ) ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT FIAMA MAGDALENA VELASQUEZ CARTAGENA

TO:   Defendant Fiama Magdalena Velasquez Cartagena, 219 Michael Street, Knoxville, Tennessee 37914.

Pursuant to Rule 33, 34 and 36 of the Federal Rules of Civil Procedure, Plaintiff, Osmin Manuel Guardado Orellana, by and through counsel, serves this his First Set of Requests for Production, First Set of Interrogatories, and First Set of Requests for Admission to Defendant Fiama Magdalena Velasquez Cartagena ("Defendant"). Pursuant to these Rules, Defendant is required to furnish written answers to the interrogatories (the "Interrogatories") and requests for admission (the "Admissions") set forth below, under oath, and produce all documents requested in the requests for production of documents (the "Document Requests") incorporated herein.

The Plaintiff demands that the Defendant answer these Interrogatories, Admissions and Document Requests according to the general instructions and employing the definitions which follow, within thirty (30) days from the date of service as required by the rules of this Court.

EXHIBIT B

These Interrogatories, Admissions and Document Requests shall be deemed continuing so as to require immediate supplemental answers and responses thereto if you or your attorney or other representatives obtain further information or responsive documents between the time your answers and responses hereto are served and the time of trial.

Date: August 25, 2016

**HUSCH BLACKWELL, L.L.P.**

1661 International Drive, Suite 300
Memphis, Tennessee 38120
(901) 523-1123
(901) 523-7472 *facsimile*

By: */s/ Jennifer Ziegenhorn*
    Jennifer Ziegenhorn, BPR No. 016351
    Jennifer.ziegenhorn@huschblackwell.com

**ATTORNEYS FOR PETITIONER**

EXHIBIT B

## CERTIFICATE OF SERVICE

I certify that on August 25, 2016, this document was served on Defendant via regular and certified mail at the following address:

Fiama Magdalena Velasquez Cartagena
219 Michael Street
Knoxville, Tennessee 37914

/s/ Jennifer Ziegenhorn
Jennifer Ziegenhorn

## INSTRUCTIONS

1.      If your answer to any item required by a definition is "not applicable," so state.

2.      **Information Claimed as Privileged.** If you claim a privilege, or otherwise cloak from discovery, any document responsive to one or more of the following requests, you must simultaneously comply with FED. R. CIV. P. 26(b)(5).

3.      **Destruction.** If any document responsive to one or more of the following requests has been destroyed, lost or misplaced, you are to state when and under what circumstances such document was destroyed, lost or misplaced.

4.      **Continuing in Nature.** All requests to produce documents shall be deemed continuing in nature so as to require supplemental production if further documents are obtained or discovered by you between the time you respond to these requests and the time of trial. Such additional or supplemental information shall be furnished to Plaintiff's attorneys within a reasonable time after it becomes known or is obtained.

5.      **Place and Time for Response.** Defendant shall produce written responses to the Interrogatories, Document Requests and Admissions by 5:00 p.m. on September 26, 2016. In addition, Defendant shall produce any document production responsive to the Document Requests by 5:00 p.m. on September 26, 2016, at the following address: 1661 International Drive, Suite 300, Memphis, TN 38120.

## DEFINITIONS

1.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

2.      The term "Child" refers to Nathaly Abigail Guardado Velasquez.

3.      The term "Defendant," "you" or "your," unless otherwise indicated, refers to the above-captioned Defendant, Fiama Magdalena Velasquez Cartagena.

4.      The use of the word "including" shall be construed to mean "including without limitation."

5.      The term "Plaintiff," unless otherwise indicated, refers to the above-captioned Plaintiff, Osmin Manuel Guardado Orellana.

4

# INTERROGATORIES

**INTERROGATORY NO. 1**: Please identify, state and describe how you and the Child traveled from Honduras to the United States, including the route, dates of travel, mode of transportation, documents used, and all others traveling with you.

    **ANSWER:**

**INTERROGATORY NO. 2**: Please state the date you left Honduras to travel to the United States.

    **ANSWER:**

**INTERROGATORY NO. 3**: Please identify any countries, other than Honduras and the United States, that the Child has resided in between birth and July 13, 2016.

    **ANSWER:**

**INTERROGATORY NO. 4**: Please identify, state, and describe any travel arrangements or discussions between you and Plaintiff regarding moving the Child to the United States.

    **ANSWER:**

**INTERROGATORY NO. 5**: Please identify and describe all documentation you used to enter the United States.

    **ANSWER:**

**INTERROGATORY NO. 6**: Please identify and describe all documentation the Child used to enter the United States.

    **ANSWER:**

**INTERROGATORY NO. 7**: Please state and identify all requests you have filed on your behalf to temporarily or permanently retain residence in the United States.

    **ANSWER:**

**INTERROGATORY NO. 8**: Please state and identify all requests you have filed on the Child's behalf to temporarily or permanently retain residence in the United States.

    **ANSWER:**

**INTERROGATORY NO. 9**: Please state and identify all requests made to any governmental institution or office to change the Child's name.

5

**EXHIBIT B**

**ANSWER:**

**INTERROGATORY NO. 10**: Please state and identify all residential addresses occupied by the Child between birth and the date of answering these Interrogatories and include the dates of residency at each address.

**ANSWER:**

**INTERROGATORY NO. 11**: Please state why you moved from Honduras to the United States.

**ANSWER:**

**INTERROGATORY NO. 12**: Please identify all individuals that you have lived with since moving to the United States and include: (i) the individual's full name, (ii) the individual's current address, and (iii) the individual's relation to you, if any.

**ANSWER:**

**INTERROGATORY NO. 13**: Please state the name, date of birth, location of birth, and the father's full name for all of your children.

**ANSWER:**

**INTERROGATORY NO. 14**: Please identify all persons, including government officials and attorneys, you have contacted regarding staying in the United States permanently or temporarily.

**ANSWER:**

**INTERROGATORY NO. 15**: Please identify all persons, including government officials and attorneys, you have contacted regarding changing the name of the Child.

**ANSWER:**

**INTERROGATORY NO. 16**: Please identify and describe all requests to Plaintiff for personal information and his response.

**ANSWER:**

**INTERROGATORY NO. 17**: Please identify all dates you and the Child sought protection and refuge from Plaintiff with a third party, including the name of the person you sought refuge with and the reason you sought refuge with that person.

**ANSWER:**

**INTERROGATORY NO. 18**: Please identify all full and part time jobs you have held in the United States, including the name of the employer and all dates of employment.

6

**ANSWER:**

**INTERROGATORY NO. 19**:  Please identify and describe all complaints you filed and reported with the local authorities in Honduras regarding Plaintiff's treatment of the Child or the Plaintiff's treatment of you.

    **ANSWER:**

**INTERROGATORY NO. 20**:  Please identify all full and part time jobs you held in Honduras after the Child's date of birth, including the name of the employer and all dates of employment.

    **ANSWER:**

**INTERROGATORY NO. 21**:  Please identify all bank accounts or depository accounts you have held in the last 12 months.

    **ANSWER:**

**INTERROGATORY NO. 22**:  Please state all social media names or accounts you have held since the Child's date of birth, including identification of the corresponding social media website.

    **ANSWER:**

**INTERROGATORY NO. 23**:  Please state all telephone numbers and email accounts used by you since the birth of the Child.

    **ANSWER:**

**INTERROGATORY NO. 24**:  Please identify the name of all of the Child's doctors in the United States, including contact information for each doctor.

    **ANSWER:**

**INTERROGATORY NO. 25**:  Please identify the name of all of the Child's doctors in Honduras, including the contact information for each doctor.

    **ANSWER:**

**INTERROGATORY NO. 26**:  Please identify the name of all of the Child's schools, daycares and caregivers, including the contact information for each school, daycare or caregiver.

    **ANSWER:**

**INTERROGATORY NO. 27**:  Please state your current marital status.

    **ANSWER:**

7

**EXHIBIT B**

**INTERROGATORY NO. 28**:  Please name all persons you plan to call as a witness and state what you expect their testimony will be.

       **ANSWER:**

**EXHIBIT B**

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1**:  Produce all text messages, WhatsApp messages, email messages and social media messages exchanged between you and Plaintiff from September 1, 2015 to the present relating to (i) the Child, (ii) traveling to the United States, (iii) leaving Honduras, and (iv) changing the Child's name.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**:  Produce all text messages, WhatsApp messages, email messages and social media messages sent between September 1, 2015 and the present relating to bringing the Child to the United States, including text messages, email messages and social media messages between you and the following individuals: (i) your mother, (ii) your father, (iii) your sister, and (iv) Carlos Garay.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**:  Produce all text messages, WhatsApp messages, email messages and social media messages sent between September 1, 2015 and the present relating to bringing the Child to the United States, including text messages, email messages and social media messages between you and any other person not listed in Request for Production No. 2.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**:  Produce all documents which authorized you and the Child to travel across the United States/Mexico border.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**:  Produce all documents or applications relating to changing the Child's name.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**:  Produce all documents you and the Child used to enter the United States.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**:  Produce all documents you have filed to temporarily or permanently retain residence in the United States.

 **RESPONSE:**

9

EXHIBIT B

**REQUEST FOR PRODUCTION NO. 8**: Produce all text messages, WhatsApp messages, email messages and social media messages sent between September 1, 2015 and the present relating to sending money from the United States to Honduras, including text messages, email messages and social media messages between you and the following individuals: (i) your mother, (ii) your father, (iii) your sister, and (iv) Carlos Garay.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**: Produce all written statements made by you relating to the reason you traveled to the United States or your desire to stay in the United States.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**: Produce all documents evidencing the Child's health, including all medical records and vaccination records for the Child since birth.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**: Produce all school records of the Child since birth.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**: Produce copies of all immigration or travel documents belonging to you, including visas or passports.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**: Produce copies of all immigration or travel documents belonging to the Child, including visas or passports.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**: Produce copies of all pictures taken of you during your immigration into the United States.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**: Produce copies of all pictures of you provided by you to the immigration authorities upon entry into the United States.

> **RESPONSE:**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**:  Admit that the Child was born in Honduras.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 2**:  Admit that Plaintiff is the Child's father.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 3**:  Admit that Honduras is the only country the Child has resided in permanently prior to moving to the United States.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 4**:  Admit that Plaintiff was not physically or emotionally abusive to you.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 5**:  Admit that Plaintiff was not physically or emotionally abusive to the Child.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 6**:  Admit that you removed the Child from Honduras without Plaintiff's consent.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 7**:  Admit that you and the Child have not resided in the United States for longer than one (1) year prior to this lawsuit being filed.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 8**:  Admit that Plaintiff provided financial support for you while you lived in Honduras.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 9**:  Admit that Plaintiff provided financial support for the Child while the Child lived in Honduras.

    **RESPONSE:**

11

**EXHIBIT B**

**REQUEST FOR ADMISSION NO. 10**:  Admit that you lived with Plaintiff at Colonia Lorenzo Zelaya, Aldea Las 40 El Progresso, Yoro, Honduras prior to moving to the United States.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 11**:  Admit that the Child lived with Plaintiff at Colonia Lorenzo Zelaya, Aldea Las 40 El Progresso, Yoro, Honduras prior to moving to the United States.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 12**:  Admit that the Child received medical attention while living in Honduras.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 13**:  Admit that the Child attended church while living in Honduras.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 14**:  Admit that the father of your unborn child is Carlos Garay.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 15**:  Admit that Carlos Garay is your cousin.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 16**:  Admit that Carlos Garay is married to Natali Garay.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 17**:  Admit that Plaintiff does not have a criminal record in Honduras.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 18**:  Admit that you never reported Plaintiff to the police for criminal activity in Honduras.

   **RESPONSE:**

12

**REQUEST FOR ADMISSION NO. 19**:  Admit that you have not received an order from a court in Honduras granting you full custody of the Child.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 20**:  Admit that the Child is under the age of sixteen (16) years old.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 21**:  Admit that the Child was habitually a resident of Honduras.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 22**:  Admit that you never sought refuge from the Plaintiff with a third party in Honduras.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 23**:  Admit that you are unemployed.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 24**:  Admit that the Child has not received medical attention since moving to the United States.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 25**:  Admit that the Child has not attended daycare since moving to the United States.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 26**:  Admit that the Child has not attended church since moving to the United States.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 27**:  Admit that Carlos Garay is the sole provider of financial support for you and the Child.

    **RESPONSE:**

13

**EXHIBIT B**



CERTIFIED MAIL

7015 0640 0002 4777 2916
7015 0640 0002 4777 2916

UNITED STATES POSTAGE
PITNEY BOWES
02 1P            $ 007.57⁰
0000258868   AUG 25 2016
MAILED FROM ZIP CODE 38120

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery
Postage
Total Postage and Fees

Postmark
Here

OFFICIAL USE

Fiama Magdalena Velasquez Cartagena
219 Michael Street
Knoxville, TN 37914

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

Fiama Magdalena Velasquez Cartagena
219 Michael Street
Knoxville, TN 37914

9590 9403 0515 5173 1147 70

2. Article Number (Transfer from service label)
7015 0640 0002 4777 2916

PS Form 3811, April 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
B. Received by (Printed Name)
D. Is delivery address different from item 1?
   If YES, enter delivery address below:

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority
☐ Register
☐ Register
☐ Register
   Delivery
☐ Return R
☐ Signature
☐ Signature
   Restricte

Domestic R

HUSCH BLACKWELL

1661 International Drive, Suite 300
Memphis, TN 38120

Fiama Magdalena Velasquez Cartagena
219 Michael Street
Knoxville, TN 37914



UNITED STATES POSTAGE
PITNEY BOWES
$ 001.57⁰
02 1P
0000258868   AUG 25 2016
MAILED FROM ZIP CODE 38120

# HUSCH BLACKWELL

1661 International Drive, Suite 300
Memphis, TN 38120

Fiama Magdalena Velasquez Cartagena
219 Michael Street
Knoxville, TN 37914

# HUSCH BLACKWELL

Jennifer G. Ziegenhorn
Office Managing Partner

1661 International Drive, Suite 300
Memphis, TN 38120
Direct: 901.529.3005
Fax: 901.523.7472
jennifer.ziegenhorn@huschblackwell.com

September 27, 2016

**URGENT**

Fiama Magdalena Velasquez Cartagena
219 Michael Street
Knoxville, TN 37914

> Re: *In re Application of Osmin Manuel Guardado Orellana v. Fiama Magdalena Velasquez Cartagena*; **Case No. 3:16-cv-00444 - Notice of Expiration of Discovery Response Deadline**

Dear Ms. Cartagena,

Your responses to Plaintiff's First Set of Requests for Production, First Set of Interrogatories, and First Set of Requests for Admission to Defendant Fiama Magdalena Velasquez Cartagena are past due as of September 27, 2016. Please provide your responses to the requests immediately.

Sincerely,

Jennifer G. Ziegenhorn
Office Managing Partner

Husch Blackwell LLP

MEM-2043881-1

EXHIBIT C

**HUSCH BLACKWELL**

1661 International Drive
Suite 300
Memphis, TN 38120



UNITED STATES POSTAGE
PITNEY BOWES
02 1P     $ 000.46⁵
0000258868   SEP 27 2016
MAILED FROM ZIP CODE 38120

Fiama Magdalena Velasquez Cartagena
219 Michael Street
Knoxville, TN  37914

## AFFIDAVIT OF OSMIN MANUEL GUARDADO ORELLANA

BEFORE ME, the undersigned authority, personally appeared OSMIN MANUEL GUARDADO ORELLANA, who, being duly sworn, deposes and says:

1.      I am a resident and citizen of El Progresso, Yoro, Honduras and the Petitioner/Plaintiff a lawsuit filed under the Hague Convention on International Child Abduction and the International Child Abductions Remedies Act in the United States District Court for the Eastern District of Tennessee, Northern Division, captioned as: *In re the Application of Osmin Manuel Guardado Orellana v. Fiama Magdalena Velasquez Cartagena*, Case No. 3:16-CV-00444 (the "<u>lawsuit</u>").

2.      I am over eighteen years of age, and make this affidavit to preserve any rights that I may have to return my daughter to Honduras.

3.      I have filed the above-captioned lawsuit in order to return my daughter, Nathaly Abigail Guardado Velasquez (the "<u>Child</u>"), to Honduras.  The Child was wrongfully removed from Honduras by her mother, Fiama Magdalena Velasquez Cartagena ("<u>Respondent</u>").

4.      Respondent and I never married, but lived together in El Progresso, Yoro, Honduras from the Child's birth until the Child was removed from Honduras by Respondent.

5.      I am the Child's father.  Respondent gave birth to the Child in El Progresso, Yoro, Honduras on November 14, 2013.  A true and correct copy of the Child's birth certificate is attached hereto and incorporated herein as ***Exhibit 1***.  A translation of the Child's birth certificate provided to my counsel by the United States Department of State is attached hereto and included with Exhibit 1.

6.      Until the date of the Respondent's wrongful removal of the Child from Honduras, Respondent and the Child lived with me at our familial residence of Colonia Lorenzo Zelaya,

Aldea Las 40 El Progresso, Yoro, Honduras. Prior to the Child's removal, the Child's family and extended family also resided in Honduras.

7. Respondent lived with me for approximately three years before she moved to the United States.

8. No action for complete custody of the Child has been filed by Respondent or anyone else.

9. The Child lived exclusively in Honduras prior to her removal. Prior to the Child's removal, she had never stayed in or traveled to the United States.

10. While living in Honduras, the Child received medical attention, financial support, and vaccinations, attended church with her parents, and even attended a Minnie Mouse themed birthday party in her honor. A true and correct copy of the Child's vaccinations and clinical background are attached hereto and incorporated herein as *Exhibit 2*. A translation of the Child's vaccinations and clinical background provided to my counsel by the United States Department of State is attached hereto and included with Exhibit 2. A true and correct copy of my pastor's letter regarding my treatment of Respondent and the Child is attached hereto and incorporated herein as *Exhibit 3*. A translation of the pastor's letter provided to my counsel by the United States Department of State is attached hereto and included with Exhibit 3. True and correct copies of pictures of the Child with me and Respondent are attached hereto and incorporated herein as *Exhibit 4*.

11. I provided for the Child's basic needs while she lived in Honduras, and I arranged for child care while I was at work.

**EXHIBIT D**

12.     I learned that Respondent had wrongfully removed the Child when I received a phone call from Respondent's sister on September 11, 2015 stating that Respondent had left Honduras with the Child and was moving to the United States.

13.     The next day I filed a complaint with the National Directorate of Criminal Investigation reporting the abduction of the Child.  A true and correct copy the complaint I filed with the National Directorate of Criminal Investigation is attached hereto and incorporated herein as *Exhibit 5*.  A translation of the complaint provided to my counsel by the United States Department of State is attached hereto and included with Exhibit 5.

14.     In the days following the Child's abduction, Respondent contacted me and explained that she had left for the United States of America with the Child to provide financial assistance and support for her parents.

15.     During several phone conversations, I pleaded with Respondent to return the Child to Honduras but was unsuccessful.

16.     Respondent's abduction of the Child from Honduras was done without my consent or acquiescence.

17.     On August 3, 2015, I contacted the commissioner of the International Police (INTERPOL) to report the Child's abduction and to have an immigration alert issued for the Respondent and the Child. A true and correct copy the report to INTERPOL is attached hereto and incorporated herein as *Exhibit 6*.  A translation of the report provided to my counsel by the United States Department of State is attached hereto and included with Exhibit 6.

18.     On December 1, 2015, I submitted a Request for Return of the Child to the United States Department of State through the Government of Honduras.  A copy of the Request for

3

EXHIBIT D

Return of the Child to the United States is attached hereto and incorporated herein as ***Exhibit 7***. A translation of the request is attached hereto and included with Exhibit 7.

19.     I believe the Child currently resides with Respondent and Respondent's boyfriend, who is Respondent's cousin, at 219 Michael Street, Knoxville, Tennessee 37914.

20.     Since filing the lawsuit, I have learned that Cartagena is involved in immigration proceedings in the United States and that I am not permitted to take part in those proceedings.

21.     To the extent Cartagena alleges that I mistreated her, her son, or Nathaly in any way, I vehemently deny those accusations and assert that I have never physically, emotionally, psychologically or otherwise abused Cartagena, Cartagena's son or Nathaly.

22.     To the extent that Cartagena alleges that my family members or her family members mistreated her, her son, or Nathaly in any way, I state upon information and belief that those allegations are false and that I have never seen her, her son or Nathaly physically, emotionally, psychologically or otherwise abused by my family members or her family members.

[**Remainder Left Intentionally Blank**]

4

EXHIBIT D

FURTHER AFFIANT SAITH NOT.

_____
Osmin Manuel Guardado Orellana


**STATE OF YORO**                    )
                                     )          **SS.**
**CITY OF EL PROGRESSO**             )


On this ___ day of November, 2016, before me personally appeared Osmin Manuel Guardado Orellana, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the City and State aforesaid, the day and year first above written.

_____
Notary Public


My Commission Expires:
_____

5

**EXHIBIT D**

**DECLARACIÓN JURADA DE OSMIN MANUEL GUARDADO ORELLANA**

ANTE MÍ, la autoridad que suscribe, se presenta personalmente OSMIN MANUEL GUARDADO ORELLANA, quien, bajo juramento, declara:

1.      Que es residente y ciudadano de El Progreso, Yoro, Honduras y el Solicitante/Demandante en una acción presentada bajo la Convención de La Haya sobre Sustracción Internacional de Menores y la Ley sobre Recursos contra la Sustracción Internacional de Menores (ICARA, International Child Abductions Remedies Act) en el Tribunal de Distrito de los Estados Unidos para el Distrito del Oeste de Tennessee, División del Norte, con el nombre: *In re la solicitud de Osmin Manuel Guardado Orellana vs. Fiama Magdalena Velasquez Cartagena, Caso n.º* 3:16-CV-00444 (la "Demanda").

2.      Que es mayor de dieciocho años de edad y hace esta declaración jurada para preservar cualquier derecho que tuviera para devolver a su hija a Honduras.

3.      Que ha presentado la demanda mencionada anteriormente para llevar de regreso a su hija, Nathaly Abigail Guardado Velásquez (la "Menor"), a Honduras. La Menor fue sacada ilegalmente de Honduras por su madre, Fiama Magdalena Velásquez Cartagena (la "Demandada").

4.      Que el Demandante y la Demandada nunca contrajeron matrimonio, pero convivieron en El progreso, Yoro, Honduras desde el nacimiento de la Menor, hasta que esta fue sacada de Honduras por la Demandada.

5.      Que el Demandante es el padre de la Menor. Que la Demandada dio a luz a la Menor en El Progreso, Yoro, Honduras, el 14 de noviembre de 2013. Se adjunta al presente una copia fiel y correcta del certificado de nacimiento de la Menor, la cual se incorpora a este documento como *Anexo 1*. Se adjunta al presente una traducción del certificado de nacimiento

de la Menor, la cual fue proporcionada al abogado del Demandante por el Departamento de Estado de los Estados Unidos, y que se incluye en el Anexo 1.

6.     Que, hasta la fecha del traslado ilícito de la Menor de Honduras por parte de la Demandada, la Demandada y la Menor vivieron con el Demandante en la residencia familiar de Colonia Lorenzo Zelaya, Aldea Las 40 El progreso, Yoro, Honduras. Antes del traslado de la Menor, la familia inmediata y ampliada de la Menor también residía en Honduras.

7.     Que la Demandada vivió con el Demandante durante aproximadamente tres años antes de que se mudara a los Estados Unidos.

8.     Que la Demandada no ha presentado ninguna demanda por la custodia completa de la Menor, ni se ha presentado otra demanda similar por parte de otra persona.

9.     Que la Menor vivió exclusivamente en Honduras antes de trasladarse y que antes de que se mudara a la Menor, ella nunca había vivido ni viajado a los Estados Unidos.

10.    Que mientras vivió en Honduras, la Menor recibió atención médica, asistencia financiera y vacunas, asistió a la iglesia con sus padres e incluso tuvo una fiesta de cumpleaños ambientada con Minnie Mouse en su honor. Se adjunta al presente una copia fiel y correcta del certificado de vacunación de la Menor, así como de su historia clínica, los cuales se incorporan a este documento como *Anexo 2*. Se adjunta al presente una traducción del certificado de vacunación y de la historia clínica de la Menor, la cual fue proporcionada al abogado del Demandante por el Departamento de Estado de los Estados Unidos, y que se incluye en el Anexo 2. Se adjunta al presente una copia fiel y correcta de una carta de su Pastor respecto del tratamiento del Demandante hacia la Demandada y la Menor; la cual se incorpora a este documento como *Anexo 3*. Se adjunta al presente una traducción de la carta del Pastor, la cual fue proporcionada al abogado del Demandante por el Departamento de Estado de los Estados

2

EXHIBIT D

Unidos, y que se incluye en el Anexo 3. Se adjuntan al presente copias fieles y correctas de fotografías la Menor junto al Demandante y la Demandada, las cuales se incorporan a este documento como *Anexo 4*.

11.     Que cubrió las necesidades básicas de la Menor mientras esta vivió en Honduras y que se ocupaba de que la Menor estuviera acompañada durante el tiempo en que el Demandante estaba en el trabajo.

12.     Que se enteró de que la Demandada había retirado ilícitamente a la Menor cuando recibió un llamado telefónico de parte de la hermana de la Demandada, el 11 de septiembre de 2015, en la cual le informó que la Demandada se había ido de Honduras con la Menor y que se mudaba a los Estados Unidos.

13.     Que, al día siguiente, presentó una queja ante la Dirección Nacional de Investigaciones Criminales donde se informó sobre el secuestro de la Menor. Se adjunta al presente una copia fiel y correcta de la queja presentada ante la Dirección Nacional de Investigaciones Criminales y que se incorpora al presente como el *Anexo 5*. Se adjunta al presente una traducción de la queja, la cual fue proporcionada al abogado del Demandante por el Departamento de Estado de los Estados Unidos, y que se incluye en el Anexo 5.

14.     Que, en los días posteriores al secuestro de la Menor, la Demandada se comunicó con el Demandante y le explicó que se había ido a los Estados Unidos con la Menor para brindar asistencia y respaldo financiero para sus padres.

15.     Que, durante numerosas conversaciones telefónicas, el Demandante le rogó a la Demandada que devolviera a la Menor a Honduras, pero sus súplicas no tuvieron respuesta.

16.     Que el rapto de la Menor por parte de la Demandada desde Honduras se hizo sin el consentimiento ni la aceptación del Demandante.

3

EXHIBIT D

17.     Que el 3 de agosto de 2015, el Demandante se puso en contacto con el Comisionado de la Policía Internacional (INTERPOL) para reportar el rapto de la Menor y para que se emitiera una alerta de inmigración para la Demanda y la Menor. Se adjunta al presente una copia fiel y correcta del informe ante INTERPOL, el cual se incorpora a este documento como *Anexo 6*. Se adjunta al presente una traducción del informe, la cual fue proporcionada al abogado del Demandante por el Departamento de Estado de los Estados Unidos, y que se incluye en el Anexo 6.

18.     Que, el 1 de diciembre de 2015, el Demandante presentó una Solicitud para la Devolución de la Menor ante el Departamento de Estado de los Estados Unidos a través del gobierno de Honduras. Se adjunta al presente una copia de la Solicitud de Devolución de la Menor, la cual se incorpora a este documento como *Anexo 7*. Se adjunta al presente una traducción de la solicitud, la cual se incluye en el Anexo 7.

19.     Que el Demandante considera que la Menor actualmente reside con la Demandante y la pareja de esta, quien es un primo de la Demandante, en 219 Michael Street, Knoxville, Tennessee, 37914.

20.     Que, desde la presentación de la demanda, se ha enterado que Cartagena está involucrada en trámites inmigratorios en los Estados Unidos y que el Demandante no tiene autorización para participar de esos trámites.

21.     Que rechaza vehementemente cualquier declaración de parte de Cartagena sobre malos tratos hacia ella, su hijo o Nathaly, y que nunca ha ejercido abuso físico, emocional, psicológico o de ningún otro tipo sobre Cartagena, su hijo o Nathaly.

22.     Que, sobre la base de la información con la que cuenta y sus consideraciones, cualquier declaración de parte de Cartagena sobre malos tratos hacia ella, su hijo o Nathaly, de

4

EXHIBIT D

parte de los miembros de la familia del Declarante, o de los miembros de la familia de Cartagena son falsas, y que jamás ha presenciado ningún abuso físico, emocional, psicológico o de ningún otro tipo sobre Cartagena, su hijo o Nathaly de parte de los miembros de la familia del Declarante o de la familia de Cartagena.


**[El resto del documento se deja en blanco intencionalmente].**

**EXHIBIT D**

EL DECLARANTE AFIRMA NO TENER MÁS QUE DECIR.

Osmin Manuel Guardado Orellana

**ESTADO DE YORO** )

) SS.

**CIUDAD DE EL PROGRESO** )

Ante mí, el **25** de noviembre de 2016, se presenta en persona Osmin Manuel Guardado Orellana, quien me consta que es la persona que se describe y quien celebra el instrumento precedente, y quien reconoce que celebró dicho instrumento en virtud de su voluntad.

EN FE DE LO CUAL, estampo mi firma y mi sello oficial en la Ciudad y Estado antes mencionados, en el día y el año antes detallados.

Notario Público

Mi comisión finaliza el:

6



REPÚBLICA DE HONDURAS
REGISTRO NACIONAL DE LAS PERSONAS
REGISTRO CIVIL MUNICIPAL

Nº 44582310

# CERTIFICACION DE ACTA DE NACIMIENTO

El infrascrito Registrador Civil Municipal CERTIFICA que en el Archivo de nacimientos que se tiene en esta oficina; se encuentra

el acta de nacimiento número: | 1 | 8 | 0 | 4 | - | 2 | 0 | 1 | 4 | - | 0 | 0 | 0 | 4 | 2 |  ubicada en el folio __043__ del tomo __01430__
*Número de Identidad*

del Año __2014__ y que pertenece a:

a) __GUARDADO__
*Primer Apellido*

b) __VELASQUEZ__
*Segundo Apellido*

c) __NATHALY ABIGAIL__
*Nombre*

SEXO F [X] M [ ]

y cuya información es la siguiente:

1.) Lugar, fecha y orden de nacimiento

a) __EL PROGRESO__
*Municipio*

b) __YORO__
*Departamento*

c) __HONDURAS__
*País*

d) __CATORCE__
*Dia*

e) __NOVIEMBRE__
*Mes*

f) __2013__
*Año*

2.) Apellidos, nombre y nacionalidad del padre:

a) __GUARDADO__
*Primer Apellido*

b) __ORELLANA__
*Segundo Apellido*

c) __OSMIN MANUEL__
*Nombre*

d) __HONDUREÑA__
*Nacionalidad*

3.) Apellidos, nombre y nacionalidad de la madre:

a) __VELASQUEZ__
*Primer Apellido*

b) __CARTAGENA__
*Segundo Apellido*

c) __FIAMA MAGDALENA__
*Nombre*

d) __HONDUREÑA__
*Nacionalidad*

4.) Notas marginales autorizadas:

NINGUNA

Extendida en __EL PROGRESO__
*Municipio*

__YORO__
*Departamento*

a los: __DOCE__

__OCTUBRE__

del DOS MIL __QUINCE__

*Firma y Sello del Registrador Civil Municipal*

pvVd5QwCkfeoWJm5Fn0nRaoHyfwimnJO$OxrjUlOvGoUJx9E9bFB8ja1XkreWgcVAuu



REPUBLIC OF HONDURAS
NATIONAL REGISTER OF PERSONS
MUNICIPAL CIVIL REGISTRY
CERTIFICATION OF BIRTH

The Municipal Civil Regidor undersigned, certify that in the Archives of births has in this office; is the birth certificate number:  1 8 0 4 -2 0 1 4 -0 0 0 14 2  Located at page _043_ of Volume _01430_ of the Year _2014_ and belonging to:

a) _____ **GUARDADO** _____      **VELASQUEZ** _____

        First Last                              Last

                                                           SEX F    M    ☒   ☐

c) _____ **NATHALY ABIGAIL** _____

Name
and whose information is:

||||||||||||||||||||||||||||||||||||||||||||||||||||

1.) Place, date and birth order

a) ____ **EL PROGRESO** ____   b) ____ **YORO** ____    c) ____ **HONDURAN** ____

           city                           state                          country

d ____ **FOURTEEN** ____   e) ____ **NOVEMBER** ____    f) ____ **2014** ____

           day                           moth                          year

2.) Surname, name and nationality of the father.

a) ____ **GUARDADO** ____      **ORELLANA** ____

        First Last                           Last

c) ____ **OSMIN MANUEL** ____   d) ____ **HONDURAN** ____

           Name                           Nationality

3.) Surname, name and nationality of the mother.

a) ____ **VELASQUEZ** ____   b) ____ **CARTAGENA** ____

        First Last                           Last

c) ____ **FIAMA MAGDALENA** ____   d) ____ **HONDURAN** ____

           name

Nationality

4.) Notes marginal authorized: |||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

(07/08/2003) Reposition by omission

Widespread in     _El PROGRESO_          _YORO_

                City                              State

To:     **TWELVE**     day of the month     **OCTOBER**

two thousand         **fifteen**                   TRANSLATION

## QUE DEBE SABER DE LAS VACUNAS

**VACUNA BCG (Tuberculosis)**

La vacuna BCG produce al mes una lesión en el sitio de aplicación, que a veces presenta secreción, dejando una cicatriz a los dos meses de aplicada.

**VACUNA SABIN (ANTIPOLIOMIELITICA)**

Es una vacuna que no da ninguna reacción.

**VACUNA PENTAVALENTE DPT-Hep B-Hib**

Después de su aplicación puede producirse fiebre y/o formación de una induración en el sitio de la inyección; que desaparece espontáneamente. La fiebre puede ser controlada con medios físicos (paños de agua tibia) y acetaminofén de acuerdo a indicaciones del personal de salud.

**VACUNA NEUMOCOCO**

Después de su aplicación puede producirse reacciones locales como: dolor e inflamación en el sitio de la inyección y fiebre. Estas reacciones usualmente desaparecen después de 48 horas.

**VACUNA ROTAVIRUS**

Después de su aplicación se puede presentar, irritabilidad, somnolencia y trastornos gastrointestinales.

**VACUNA SARAMPIÓN RUBEOLA Y PAPERAS (SPR y SR)**

Se puede presentar erupción en la piel similar al sarampión en 5 de cada 100 vacunados(as) y fiebre alrededor de los 5-12 días después de su aplicación.

**Td(Toxoide Tetánico y Diftérico)**

Después de su aplicación puede producirse dolor, enrojecimiento y formación de una induración en el sitio de aplicación, desapareciendo espontáneamente.

**VACUNA HEPATITIS B**

Después de su aplicación se puede presentar en algunas personas dolor en el sitio de inyección y fiebre (en menos de 6 de cada 100 vacunados).

**VACUNA DE INFLUENZA**

Después de su aplicación puede presentarse dolor, enrojecimiento e induración en el sitio de aplicación que desaparece espontáneamente, rara vez se presenta fiebre y malestar general.

NO se debe administrar acetaminofén al niño antes de recibir la vacuna

---

 

República de Honduras
**Secretaría de Salud**
Programa Ampliado de Inmunizaciones (PAI)

# Carnet Nacional de Vacunación

Nombre: _Nataly Abigail Guardado_

Número de Inscripción: _26-13_

Fecha de Nacimiento: _14/11/13_

Edad: _2m_

Dirección: _la 40_

Responsable del Niño: _Fátima Velásquez vis Guardatas_

Centro de Salud: _____

## "Por nuestras familias vacunemos hoy."

*Recuerde: es obligatorio presentar el carnet para solicitar atención médica*

Organización Panamericana de la Salud

---

## CONTROL DE VACUNAS

| VACUNA | EDAD | DOSIS/REFUERZO |
|---|---|---|
| BCG (Formas Graves de Tuberculosis) | Recién nacido (a) | Dosis única |
| Sabin (VOP) (Poliovirus) | 2 meses / 4 meses / 6 meses / 18 meses (1 año) / 4-6 años | Primera dosis / Segunda dosis / Refuerzo / Dosis adicional / Primer OVP |
| Pentavalente DPT+HB+Hib | 2 meses / 4 meses / 6 meses | Primera dosis / segunda dosis / tercera dosis |
| Neumococo | 2 meses / 4 meses / 6 meses | Primera dosis / segunda dosis / tercera dosis |
| Rotavirus | 2 meses / 4 meses | Primera dosis / segunda dosis |
| DPT (Difteria, Tos Ferina y Tétanos) | 18 meses / 4 años | Primer refuerzo / Segundo refuerzo |
| SRP (Sarampión, Rubéola y Paperas) | 12 meses / 1-4 años | Dosis única / Dosis adicional |
| HEPATITIS B | Recién nacido / Grupos en riesgo al primer contacto / 1 mes después de la primera dosis / 6 meses después / Embarazadas no vacunadas | Una dosis / Primera dosis / Segunda dosis / Tercera dosis / Refuerzo cada 10 años |
| Td (Toxoide Tetánico y Diftérico) | Primer contacto / 1 mes después de la primera dosis / 6 meses después de la segunda dosis / 1 año después de la tercera dosis / 1 año después de la cuarta dosis / Grupos en riesgo | Primera dosis / Segunda dosis / Tercera dosis / Cuarta dosis / Quinta dosis |
| | Primer contacto / 1 mes después de la tercera dosis / 6 meses después de la segunda dosis / Cada 10 años | Primera dosis / Segunda dosis / Tercera dosis / Refuerzo |
| SR (Sarampión, Rubéola) | Mayores de 5 años no vacunados | Dosis única |
| INFLUENZA | Grupos de riesgo | Dosis de seguimiento |

## FECHA DE APLICACIONES DE DOSIS

| VACUNAS | Primera Dosis | Segunda Dosis | Tercera Dosis | Cuarta Dosis | Quinta Dosis | Refuerzo Primera/Seg |
|---|---|---|---|---|---|---|
| Hepatitis B (Recién Nacido) | 14/11/13 | | | | | |
| BCG | 14/11/13 | | | | | |
| Sabin (VOP) (Poliovirus) | 15 | 20 | 21 | | | |
| Pentavalente DPT-Hep B-Hib | 6/1 | 3/11 | 6/11 | | | |
| Neumococo | 6/1 | 20/3 | 11 | | | |
| Rotavirus | 6/14 | 20/3/14 | | | | |
| SR (Sarampión, Rubéola y Paperas) | 13/3/14 | | | | | |
| DPT (Difteria, Tos Ferina y Tétanos) | | | | | | |
| Hepatitis B | | | | | | |
| Td (Toxoide Tetánico y Diftérico) | | | | | | |
| Influenza | | | | | | |
| Dosis Adicional Sabin | | | | | | |
| Dosis Adicional SRP | | | | | | |
| Otras, especificar | | | | | | |
| Vitamina A | 13/3/14 | 6/11 | | | | |

En Jornada Nacional de Vacunación
En Campañas de Seguimiento

---

# SOME THINGS YOU SHOULD KNOW OF VACCINES

**VACCINE BCG (Tuberculosis)**

The BCG vaccine produces a month injury that sometimes produces secretion, leaving a scar two months applied.

**ANTIPOLIOMIELITIS**
**VACCINE (POLIO)**
SABIN)It is a vaccine that gives no reaction.

**Pentavalent (DPT + HB + Hib)**

After application fever and / or formation of an induration at the injection site can occur. Fever should be controlled by physical means (cloths of warm water) and / or acetaminophen according to indications of health personnel. Induration disappears spontaneously

**ANTI MEASLES VACCINE**

Mumps and rubella (MMR) and SR. It can be applied separately or combined. With measles vaccine can occur skin rash similar to measles (five out of 100 vaccinated (as) and fever about five to twelve days after application. The mumps and rubella vaccines rarely given reaction.

**Td**
(Tetanus and diphtheria toxoid)

After application can cause pain, redness and induration formation at the site of application, disappearing spontaneously.

**vaccine against hepatitis**
After application may occur in some people pain in the injection site and fever
(in less than six of every 100 vaccinated).

Health Ministry
Expande Program
(EPI)



**National identity card**
**Vaccination**

Name _Nataly Abigail Guardado_

Date of birth _14/11/13_

Age _2 m_

Address _La 40_

Responsible _Fiama Velasquez_

Clinic _C.S. Guaymitas_

## BY WE VACCINATE OUR CHILDREN TODAY

*"Prevention is health"*



| GUIDE VACCINATION | | | |
|---|---|---|---|
| VACCINE | AGE | DOSE | |
| BCG (Tuberculosis) | Newborn (a) | Single dose | |
| | 7 years | Booster dose | |
| Sabin (Polio) | Newborn (a) | Dose additional | |
| | 2 months | First dose | |
| | 4 months | Second dose | |
| | 6 months | T' arcera dose | |
| | Children under 5 years | Dose add. | |
| Pentavalent (DPT+HB+HB) | 2 months | First dose | |
| | 4 months | Second dose | |
| | 6 months | T' arcera dose | |
| DPT (Diphtheria, Tl pertussis and tetanus) | 1 year after the first dose of Pentavalente | First reinforcement | |
| | 4-5 years | Second reinforcement | |
| SRP (Measles, rubella and mumps) | 12 months | Single dose | |
| TD (Toxoide (tetanus and diphtheria) | Women from 12 to 48 years and groups at risk | | |
| | First contact | First dose | |
| | 4 weeks after | Second dose | |
| | 6 months later | T' arcera dose | |
| | 1 year later | Fourth dose | |
| | 1 year later | Fifth dose | |
| SR | Women aged from 12-49 and groups at risk | Single dose | |
| | 2-4 years | Dose additional | |
| ANTIHEPATITIS B | Groups at risk and children of mad sources/latines | First dose | |
| | 1 month later | Second dose | |
| | 6 months later | T' arcera dose | |

## CONTROL OF VACCINES

**DATE of dose**

| VACCINES | First Dose | Second Dose | Tercera Dose | Fourth Dose | Fifth Dose | Reinforcement | |
|---|---|---|---|---|---|---|---|
| | | | | | | First | Second |
| BCG (Tuberculosis) | 14/9/13 | | | | Dose | | |
| Sabin (Polio) | 15 | 23/2 | 21 | | | | |
| Pentavalente (DPT+HB+HB) | | 14 | 05 | | | | |
| DPT (Diphtheria, Tpertussis and tetanus) | | | | | | | |
| SRP (measles, rubella and mumps) | 5/9/14 | | | | | | |
| Td (Toxoide toxoid and diphtheria) | | | | | | | |
| ANTIHEPATITIS B | | | | | | | |
| SR (measles, rubella) | | | | | | | |
| * Dose additional Sabin | | | | | | | |
| * Dose additional SR | | | | | | | |
| Other, specify | | | | | | | |
| V llamina to | 23/6/14 | 15/9/14 | | | | | |

21 May 205

* In NID

# HISTORIA CLÍNICA

**Dr. José Roger Carvajal**

NOMBRE: Nataly Abigail Guardado Velasquez

DIRECCIÓN: Aldea las 40          TEL. 9844-4458

FECHA DE NACIMIENTO: 14|11|2013   LUGAR DE NACIMIENTO: El Progreso, Yoro

NOMBRE DEL PADRE: Osmin Guardado   NOMBRE DE LA MADRE: Fiama Velasquez

## ANTECEDENTES

PARTO: _____     COMPLICACIÓN: _____

PESO AL NACER: _____     APP _____

Por medio de la presente hago costar que la niña Nataly Abigail Guardado
Velasquez con fecha de nacimiento 14/11/2013y que vive en la aldea las 40
que pertenece a la ciudad de el progreso yoro, quien es hija de Osmin
Guardado ( el padre ) y de Fiama Velasquez ( la madre. ) Han tenido en
control pediátrico a Nataly desde el 21/06/2014 a quien hemos visto por
diferentes patologías gastrointestinales y cuadros respiratorios altos.

Y para los fines que al interesado convenga, extiendo la presente en la
Ciudad de El Progreso Yoro, Honduras C.A. a los 03/05/2016.

Dr. José Roger Carvajal Mejía.

Pediatra

# clinical history

**Name:** Nataly Abigail Guardado Velasquez

**Address :** Aldea la 40          **Phone:** 9844-4458

**Birthdate:** 14/11/2013          **Place of birth:** El Progreso, Yoro.

**Father's nam:** Osmin Guardado     **Mother's name**: Fiama Velasquez

## Background

Through this I note that the girl Nataly Abigail  Guardado Velasquez with birth date 14.11.2013 and lives in the village 40 pertenecea the city of El Progreso, Yoro department, who is the daughter of Osmin saved ( Father) and fiama Velasquez (the Mother). They have been in control pediatrico Nataly from 21/06/2014 whom we have seen various gastrointestinal pathologies and upper respiratory symptoms.

And for the purposes that the person concerned agrees, extend this in the city of El Progreso, Yoro, Honduras C.A. the 03/05/2016.



Dr. José Roger Carvajal Mejía.

Pediatra

**EXHIBIT 2**



Iglesia Evangelica Menonita Honduras
Tabernáculo Parusía
La 40, El Progreso Yoro, Honduras C.A
CEL. 99587013

## CONSTANCIA

El suscrito pastor de iglesia evangelica menonita Hondureña, por este medio hace constar
que el señor Osmin Manuel Guardado Orellana con cedula de identidad N 1804-1993-
03612 es el padre biológico de la niña Nathaly Abigail Guardado Velasquez con numero de
identidad 1804-2014-00042 de quien doy fe de que la niña residía en casa de su padre en
aldea la 40 EL progreso Yoro, y de dar un buen trato a su hija y su madre, cubriendo todas
la necesidades y para los fines que convenga al interesado firmo la presente a los. 20 dias
de noviembre 2015.

Firma del pastor



Honduran Evangelical Mennonite Church
Parusia The Tabernacle
40, El Progreso Yoro, Honduras CA
CEL. 99587013

## CONSTANCY

The undersigned pastor Honduran Mennonite Evangelical Church, hereby certifies that Mr. Osmin Manuel Guardado Orellana 1804-1993-03612 identity card No, is the biological father of the child Nathaly Abigail Guardado Velasquez with identity Saved 1804-2014 -00,042 of whom attest that the child lived in her father's house in village The 40 El Progreso Yoro, and give good treatment to his daughter and her mother, covering all your needs and for the purposes agreed by the interested signed to the present. November 20, 2015.

Shepherd signature



EXHIBIT 4



EXHIBIT 4



EXHIBIT 4

# REPÚBLICA DE HONDURAS

## SECRETARÍA DE SEGURIDAD

### D.N.I.C.

## RECEPCIÓN DE DENUNCIAS

DELITO: RIESGO SOCIAL

DENUNCIA: 2721-2015

DENUNCIANTE: OSMIN MANUEL GUARDADO ORELLANA CON IDENTIDAD 1804-1993-03612 DE 22 AÑOS DE EDAD, DE OFICIO JORNALERO, RESIDENTE EN COL. ALDEA LA CUARENTA EN LA COLONIA LORENZO ZELAYA DOS CUADRAS FRENTE A LA IGLESIA MENONITA. TEL: 9517-52-21.

LUGAR DE LOS HECHOS . EN COL. ALDEA LA CUARENTA EN LA COLONIA LORENZO ZELAYA DOS CUADRAS FRENTE A LA IGLESIA MENONITA.

OFENDIDO: NATALY ABIGAIL GAURDADO VELASQUEZ con identidad numero 1804-2014-00042

SOSPECHOSO: FIAMA MAGDALENA VELASQUEZ CARTAGENA Identidad 1804-203-02141, originario de la aldea la cuarenta, estado civil union libre, de 23 años de edad.

## NARRACION DE HECHOS

MANIFIESTA el denunciante que tuvo una relacion sentimental con la señora FIAMA MAGADALENA desde hace tres años y durante la relacion procrearon una hija de nombre NATALY ABIGAIL GAURDADO VELASQUEZ, quien tiene un año y diez meses, resulta que el dia viernes 11 de septiembre del año en curso como a eso de las dos de la tarde una hermana de MAGDALENA le informo que ella se habia ido de la casa con destino a los estados unidos mojado por lo que solicito al ministerio publico que me ayuden ya que se lleva ala niña poniendole en peligro la vida de la menor.

DADO EN LA CIUDAD DE PROGRESO YORO A LOS 12 DIAS DEL MES DE SEPTIEMBRE DEL AÑO 2015, SIENDO LAS 11:23 HORAS.

DENUNCIANTE _____

RECEPTOR _____

D.N.I.C

**Reception of Complaints**

**CRIME. SOCIAL RISK**

**COMPLAINT: 2221-2015**

**Complainant:** OSMIN MANUEL GUARDADO ORELLANA 1804-1993-03612 IDENTITY OF 23 YEARS OF OFFICE DAY LABORER VILLAGE RESIDENT IN THE COLONY THE FORTY TWO BLOCKS Zelaya LORENZO FROM THE MENNONITE CHURCH TEL. 9571-5221.

MADE IN PLACE OF THE FORTY COL VILLAGE IN THE COLONY LORENZO TWO BLOCKS FROM Zelaya Mennonite Church.

**OFFENDED:** NATALY ABIGAIL GUARDADO VELASQUEZ with identity number 1804-2014-00042.

**SUSPECT:** FIAMA MAGDALENA VELASQUEZ CARTAGENA. 1804-1992-02141 identity of the village's original forty, marital cohabitation, 23 years old.

NARRATIVE OF EVENTS

EXPRESSES the complainant who had an affair with Mrs. FIAMA MAGDALENA VELASQUEZ CARTAGENA for three years and during the relationship fathered a daughter named NATALY ABIGAIL GUARDADO VELASQUEZ, who has one year and 10 months of age is that on Friday, September 11, year and at about two in the afternoon, a sister FIAMA MAGDALENA, informed him that she had left home bound for the United States of wet so he asked the public prosecutor to help me and that was putting endanger the life of the child.

Given in the city of El Progreso, Yoro OF THE 12 DAY OF SEPTEMBER 2015 at 11:25 am BEING.

DENUNCIANTE

RECEPTOR

**EXHIBIT 5**



**Expediente No. 0501-2015-00431**

San Pedro Sula, 03 de Agosto del 2015

Señor Comisionado
Hugo Velásquez Moreno
Jefe de Policía Internacional
INTERPOL



Por este medio la Dirección de Niñez, Adolescencia y Familia, a través de
su Programa de Protección y Restitución de Derechos, le solicita se le
brinde la colaboración pertinente al **señor OSMIN MANUEL GUARDADO
ORELLANA,** con Cedula de Identidad No. 1804-1993-03612, quien es
Padre y representante legal de su menor hija **NATHALY ABIGAIL
GUARDADO VELASQUEZ,** con Certificación de Acta de Nacimiento **No.
1804-2004-00042,** de dos años y diez meses, que ha denunciado ante
nuestra oficina, que la madre de su menor hija la señora FIAMA
**MAGADALENA VELASQUEZ CARTAGENA,** saco de manera ilegal y sin
suí autorización a su hija, para llevársela a Estados Unidos, KNOXVILLE
TENESEE, y él no está de acuerdo con tal situación, por ser la niña aun
una bebe, por lo quiere emitir una alerta migratoria para evitar que la
niña sufra en ese camino.

**Junto con la presente nota se adjunta:**

1.- Copia de la Cedula de Identidad del denunciante

2.-Copia de la Inscripción de Nacimiento de la Niña

3.- Fotografías de la madre y de la niña

4.- Copia de la tarjeta de vacuna

5.- Copia de la Denuncia presentada ante la DNIC

Por lo que le solicito que proceda a instruir las actuaciones pertinentes
para impedir la salida del país de la niña y en caso de que ya hubiere
salido se emitan las alertas correspondientes a nivel internacional, para
que la niña sea repatriada a su país de origen, en el caso de ir en ruta
migratoria.



Lo anterior en vista de que la Dirección de Niñez, Adolescencia y Familia, por medio de su programa de protección y vulneración de derechos, está realizando las diligencias necesarias para la protección de las niñas.

Seguro de su atención a la presente, me suscribo de usted,

Atentamente,

**Santa Gómez Ortéz**
**Protección y Restitución de Derechos**
**Dirección de Niñez, Adolescencia y Familia**



Record#**0501-2015-00431**

San Pedro Sula. August 3, 2015

Mr. Commissioner
**Hugo Velasquez Moreno**
**Head of International Police**
**INTERPOL**

By this means the Department of Children, Youth and Family,
through the Agenda for Protection and Restitution of Rights, it is
requested provide relevant support **Mr. Osmin MANUEL SAVED**
Orellana, with identity card **No. 1804-1993-03612**, who is Father
and legal representative of his youngest daughter **NATHALY
ABIGAIL GUARDADO VELASQUEZ**, with certification of Birth
Certificate **No. 1804-2004-00042**, two years and ten months, who
complained to Our office, the mother of his youngest daughter Mrs.
**FIAMA MAGDALENA VELASQUEZ CARTAGENA**, sack
illegally without Its okay to her daughter, to take her to the United
States, **KNOXVILLE TENESEE**, and he does not agree with this
situation, as the girl still A baby, so you issue an alert immigration
to prevent the Child suffer in that way.

**Along with this note attached:**

1. A copy of the identity card of the complainant

2. Copy of Registration of Birth of Girls

3. Photo Fix mother and child

4. Copy of vaccination card

5. copy of the complaint filed with the DNLC

So I request to proceed to instruct the relevant proceedings
to prevent the departure of the child and in case any longer

This given that the Department of Children, Youth and Family, through its program of protection and rights violations, it is underway to protect girls proceedings.

Sure your attention to this, I sign you,

Sincerely,

Santa Gómez Ortéz
Protección y Restitución de Derechos
Dirección de Niñez, Adolescencia y Familia

**EXHIBIT 6**

**REPÚBLICA DE HONDURAS**
**PODER JUDICIAL**
## CONSTANCIA
**USOS VARIOS**

No. 294604

**VALOR:** Lps. 150.00

**VALOR:** Lps. 150,00

| | |
|---|---|
| NOMBRES: | OSMIN MANUEL |
| APELLIDOS: | GUARDADO ORELLANA |
| DOCUMENTO DE IDENTIDAD: | 1804199303612 |
| FECHA DE NACIMIENTO: | 30/08/1993 |
| SEXO: | Masculino |
| DOMICILIO: | COLONIA LORENZO ZELAYA, FRENTE A LA IGLESIA MENONITA, ALDEA LAS 40, EL PROGRESO, DEPARTAMENTO DE YORO. |

EMITIDO:        MARTES, 17 DE NOVIEMBRE DE 2015

## VIGENCIA POR SEIS (6) MESES

El Infrascrito Titular de la Unidad de Antecedentes Penales, hace constar que a la Fecha de emisión de la presente Constancia y conforme a los Registros del Sistema de Antecedentes Penales:

### *** NO TIENE ANTECEDENTES PENALES ***



**NORMA LIZETH CASCO RODAS**
**COORDINADORA**
**UNIDAD DE ANTECEDENTES PENALES**
**\* VALIDO A NIVEL NACIONAL \***





COMPRUEBE LA AUTENTICIDAD DE ESTE DOCUMENTO, VERIFICANDO LAS SIGUIENTES MEDIDAS DE SEGURIDAD.
\* PAPEL DE SEGURIDAD CON MARCA DE AGUA, VERIFICABLE A CONTRA LUZ, APARECERÁ UNA M ESPARCIDA EN TODO EL PAPEL.
\* LOGOTIPOS EN TINTA INVISIBLE, VERIFICABLES CON LUZ ULTRAVIOLETA.
\* FIBRILLAS DE SEGURIDAD EN LAS DOS CARAS DE LA CONSTANCIA CON EFECTOS BAJO LUZ ULTRAVIOLETA.

# REPUBLIC OF HONDURAS

## JUDICIARY

### CONSTANCY USES VARIES

No. 294 604 HONDURAS
VALUE: Lps. Osmin 150.00

NAMES :            OSMIN  MANUEL

LAST NAME:        GUARDADO ORELLANA

IDENTITY:           1804199303612

DATE OF BIRTH       30/08/1993

SEX :                Male

ADDRESS:        COLONIA Lorenzo Zelaya ALA MENNONITE FRONT, THE VILLAGE 40
PROGRESS. DEPARTMENT ISSUED

TUESDAY, 17 NOVEMBER 2015

## EFFECTIVE FOR SIX (6) MONTHS

nfrascrito Holder Criminal Unit, notes that issuance of the Certificate and subject to Criminal Date: present system logs Background

# *** NO It has a criminal record

---

**TRANSLATION**